REGINA MUSIC BOX CO. v. PAILLARD.

(Circuit Court, S. D. New York. January 12, 1898.)

1. PATENTS—INFRINGEMENT—DAMPERS FOR MUSIC BOXES.
    The Brachhausen patent, No. 500,369, for a damper for music boxes, is expressly limited, as to claim 2, to a damper having a cam formed on the body portion, and is not infringed by a damper which, among other differences, does not have its cam on the body portion.

2. SAME.
    The Brachhausen patent, No. 500,370, for a damper for music boxes. construed, and held valid and infringed as to claim 1.

3. SAME—CONSTRUCTION OF PATENTS.
    A patent is entitled to a favorable construction as against a former employé of the patent owner, who leaves his service to engage in the manufacture of infringing machines.

4. SAME—INFRINGEMENT—MUSIC BOXES.
    The Brachhausen patent, No. 500,374, for a music plate or cylinder for music boxes, having double teeth struck up from the body of the plate or cylinder, leaving one end detached, the other end being doubled over until it rests against the plate, construed, and held not infringed by a plate with teeth of semiconoidal form, the front edges of which constitute the working face.

5. SAME—GOVERNOR FOR MUSIC BOXES.
    The Brachhausen patent, No. 500,372, for a governor or fly-fan for music boxes consisting of two blades or wings, preferably rectangular in shape, parallel with each other, rotating in connection with a central shaft, and so arranged as to extend one in front of the other so as to overlap, and attached by coiled springs, so that, when rotated, they will stretch out under the increasing centrifugal force until at the utmost tension the blades are substantially in one plane, discloses invention, and is not anticipated; but the claims are not infringed by a construction which attains the same end by materially different means.

This was a suit in equity by the Regina Music Box Company against Alfred E. Paillard for alleged infringement of four patents granted to Gustav Adolph Brachhausen for improvements in music boxes.

Arthur v. Briesen, for complainant.
Edwin H. Brown, for defendant.

TOWNSEND, District Judge.    This suit is brought by the manufacturers of the Regina music box, and charges infringement of four patents,—Nos. 500,369 and 500,370, for a damper, and No. 500,374, for

a tooth of a music disc, and No. 500,372, for a governor. The claims of the damper patents charged to have been infringed are:

### Claim 2 of No. 500,369.

"(2) A damper for music boxes, struck up from a single piece of spring metal consisting of a main body portion, cam, e, formed on said body portion, and arm, f, formed integral therewith, and at substantially right angles thereto, as and for the purposes described."

### Claim 1 of No. 500,370.

"(1) A damper for music boxes, consisting of the main spring body portion, d, arm or arms, e, e², provided with damping fingers, f, f², adapted to bear against the sides of the tongue or tongues to be damped, and cam, g, as and for the purposes described."

The principal office of the damper of the music box is, after a comb tongue has been struck, and the sound caused by the vibration has continued a sufficient length of time, to press against the comb tongue, and terminate the vibration. The applications for patents No. 500,369 and No. 500,370 were filed at the same time, and the patents were issued at the same time. Both show the complainant's spring damper, having a body portion and an arm integral therewith, and at substantially right angles thereto; and neither claim it broadly. In No. 500,369, the cam by which the damper is operated is in the rear of the sprocket wheel, and is operated by the ends of the teeth; in No. 500,370 it is at the side and is operated by the sides of the teeth. In defendant's device, holes are made in the flat surface of the star wheel, and, as the star wheel is turned, the cam on defendant's damper passes into and out of these holes, and the damper is thus moved to

wards or away from the comb tongue. Complainant's damper does not normally rest against the comb tongue, but is pressed against it by the action of the cam at suitable intervals. In defendant's construction the damper is normally held against the comb tongue by its spring, and is pressed away from it at intervals by means of the cam. The defendant's damper has the body portion, mentioned in claim 2 of No. 500,369, and a curved part integral therewith, and at substantially right angles thereto, corresponding to the arm, f, of complainant's damper; but the cam, e, is not upon the body portion, but upon the arm.

Claim 2 of No. 500,369 is, by its terms, expressly limited to a damper having a cam formed on the body portion. Defendant's damper, aside from other differences, some of which seem to be material does not have its cam upon the body portion, and therefore does not infringe said claim.

The question whether No. 500,370 has a drag action upon the star wheel was much discussed. After a careful consideration of the whole evidence, I find that it has such action, and that it is of great value.

Defendant has the main spring body portion, d, and arm, e, of Figs. 1 and 3 of No. 500,370, and the cam, g, and the end of defendant's damper, which presses against the side of the tongue to be damped, is equivalent to the damping finger, f, of complainant's patent. It is not specified in complainant's patent that this finger must be in a different plane from the arm, e.

Operating the cam by means of the holes in the flat surface of the wheel is a mechanical equivalent of the mode of operation described in the patent.

The Lochman patent, No. 417,650, issued December 17, 1889, had shown that a spring damper might be applied to a star wheel by the resiliency of the spring, and thrown off by the action of the wheel.

The Regina music box has had very great success, superseding to a large extent former music boxes, and is much superior to any before on the market. The manufacturer of defendant's boxes was formerly employed in making complainant's boxes, and left to commence the manufacture of the infringing boxes on his own account, and defendant handles most, or a large part, of the boxes. Under these circumstances, complainant's patent is entitled to a favorable construction as against the defendant. Even if defendant's construction is an improvement on plaintiff's device, it infringes it. Claim 1 of No. 500,370, when limited to the damper above referred to, shown in Figs. 1 and 3, is valid and infringed.

The claims of the note-tooth patent, No. 500,374, alleged to be infringed, are as follows:

(1) "A music-plate or cylinder having doubled teeth, a, a, single continuous pieces that project from its surface, substantially as described." (2) "A music-plate having doubled teeth, a, a², each tooth having one end suspended from the plate, and its other end turned outward and abutting upon said plate, and each tooth consisting of a single continuous piece, substantially as herein shown and described."

Fig. 1.

Fig. 2.

Fig. 3.

The note teeth of the patent, which move the star wheels by pressing against their teeth, are described as follows in the specification:

"Each tooth is formed from a single piece struck up from the body, A, and supported at both ends thereby; that is to say, an elongated piece is cut from the body of the plate, leaving one end attached. The tooth is then turned up, and doubled until its free end reaches to the body. The tooth having this

construction is well braced by its free end bearing against the plate; that is, a long strip is struck up from the plate, doubled and bent back, so that one end remains integral with the plate, and, the other end being bent back and resting upon the plate, the tooth is well braced."

The width of complainant's tooth constitutes its working face. Defendant's tooth is semiconoidal, and its front edge constitutes its working face. If the tooth is made higher than the stretch of the metal will bear, one side will be severed from the metal. Even so, and without reference to the prior art, it is not complainant's tooth, and it seems quite as probable that its form and mode of construction were suggested by some of the patents of the prior art as by that of the complainant.

The governor patent, No. 500,372, is for a device to control the speed of the music box. The force which moves the machinery and produces the music is furnished by a spring, and is greatest when the machine is first wound up, and gradually decreases. The claims of this patent charged to be infringed are as follows:

(1) "The combination of the shaft, a, and means substantially as described for rotating the same, with pins, i, parallel to said shaft, and carried by it, and with wing, g, pivoted to said pins, and with springs, j, connected with the outer parts of said wings, all arranged as described, so that the wings, g, shall partly overlap one another in the position of rest, but be capable of being brought out of the overlapping position by rapid rotation of the shaft, a, as described." (2) "In a governor or fly-fan, the combination of the fly-shaft, a, with the wings, g, carried thereby, and with springs connected to said wings, all arranged so that the said wings overlap each other to their greatest extent when the fan is at rest, and decrease or increase the extent of the overlap, exposing a greater or less resistance surface as the shaft, a, is more or less rapidly rotated, as and for the purposes specified."

Fig. 1.

The device thus consists of two blades or wings, preferably rectangular in shape, parallel with each other, and so arranged as to rotate in connection with a central shaft. When at rest, these wings extend one in front of the other as to overlap, and, when rotated slowly, the atmospheric resistance is substantially only that which would be made by one wing alone. As the speed is increased, the coil springs attached to the wings stretch out under the centrifugal force, so that the blades or wings move past each other and overlap each other less and less; and, when the utmost tension is reached, the blades are substantially in one plane, and expose the full surface of both to the atmosphere. In the specification of the patent the principal feature of the invention is stated to be "the employment of the overlapping wings, which, under rapid rotation, will gradually reduce the extent to which they overlap one another." The invention claimed by the complainant is the central shaft, combined with pivots parallel to it, so that the wings which are supported by these pivots, as the speed is increased or reduced, move in parallel planes, but in opposite directions. Defendant's construction has a central blade attached to the central shaft, and rotating with it. At each end of this central blade is hinged another blade or wing, the free end of which is so controlled by a coil spring that when at rest it is folded against the central blade, and when in rapid motion the centrifugal force causes the auxiliary blade to open and extend beyond the central blade, thus meeting with increased atmospheric resistance. Defendant has introduced in evidence various alleged anticipating patents, including the Lahola patent of July, 1892, No. 474,431; the Lochmann (British) patent of April, 1892, No. 8,027; the Powell patent of 1883, No. 291,001; and a description of a governor used in another music box in 1889. While complainant's construction shows invention, and is not anticipated, defendant's construction attains the desired end by materially different means, and, in view of the prior art, cannot be held to infringe.

Let there be a decree for an injunction and an accounting as to the first claim of No. 500,370.